



FILED

Aug 04 2020, 12:37 pm

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-499

## State of Indiana,
*Appellant-Plaintiff,*

–v–

## Samuel E. Vande Brake,
*Appellee-Defendant.*

Decided: August 4, 2020

Appeal from the Tippecanoe Superior Court, No. 79D01-1903-F1-5
The Honorable Randy Williams, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-CR-1772

**Per Curiam Opinion**

Chief Justice Rush and Justice David, Justice Massa, Justice Slaughter, and
Justice Goff concur.

**Per curiam.**

Samuel E. Vande Brake was charged with four felonies after he shot his roommate in the chest during an argument on October 19, 2017.

Around a week after Vande Brake's arrest, the State moved to add a "use of firearm" sentence enhancement. This permits the trial court to impose an additional 5- to 20-year fixed term of imprisonment if the State can show beyond a reasonable doubt that the defendant knowingly or intentionally used a firearm in the commission of the underlying offense. I.C. § 35-50-2-11(d), (g). The trial court granted this motion on November 8, 2017. The trial court later granted the State's motion to add an additional charge of attempted murder and assigned a new case number.

The State did not raise the firearm enhancement or address the need for bifurcated proceedings at any of nine pre-trial or status conferences held between the initial hearing on November 17, 2017 and the jury trial on June 18, 2019. For reasons not made clear by the record, the firearm enhancement was not listed in the Case Information section in either chronological case summary. The State also did not submit proposed instructions regarding a firearm enhancement or relating to a potential bifurcated second phase.

After a three-day trial, the jury found Vande Brake guilty of four felony counts, including aggravated battery as a Level 3 felony. The trial court accepted the verdicts and excused the jury.

Only then did the State raise the firearm enhancement. The trial court responded that because the enhancement was not addressed "at any time during the course of this trial" and the jury had already been excused, it was "dismisse[d] as a matter of course." Tr. Vol. 1 p. 6. The State did not object. One week later, it filed a motion to correct error, which was denied.

At the July 19, 2019 sentencing hearing, the trial court sentenced Vande Brake to nine years in the Indiana Department of Correction. The State appealed, arguing that the trial court abused its discretion by dismissing the firearm enhancement *sua sponte*.

The Court of Appeals reversed and remanded with instructions for the trial court to impanel a new jury to hear the enhancement charge. *State v. Vande Brake*, 143 N.E.3d 362 (Ind. Ct. App. 2020). Vande Brake petitioned for transfer, which we now grant, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Discussion, Decision, and Conclusion

The State appealed from a negative judgment, which required it to show that the trial court's judgment was contrary to law. *Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016).

The firearm enhancement statute provides, in relevant part:

> The state **may** seek … to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense.

Ind. Code § 35-50-2-11(d) (emphasis added).

The use of "may" indicates the State has discretion to seek a firearm enhancement—which, necessarily, also means the State can withdraw or waive that enhancement.

We find clear waiver here. The State failed to: raise the firearm enhancement at any of nine pretrial conferences; inform the court that the enhancement was not listed as a charged offense in either CCS for the case; propose preliminary or final jury instructions relating to the enhancement; alert the trial court to the need for a bifurcated trial at any time before the court excused the jury; or object to the dismissal of the enhancement while the jury remained in the building.

Under these circumstances, the State failed to meet its burden to show that the trial court's implied finding of waiver and subsequent *sua sponte* dismissal of the firearm enhancement were contrary to law. Having granted transfer, we affirm the trial court.

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Ross G. Thomas
Indianapolis, Indiana